UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAMAR TWITTY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:16CV160-PPS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Lamar Twitty, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing in which a Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery in violation of Indiana Department of Correction policy A-102. [ECF 1 at 1.] As a result, Twitty was sanctioned with the loss of 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. [*Id.*] After his hearing, Twitty filed an administrative appeal on the basis that the charged conduct did not fit offense A-102 because he did not use a weapon or inflict any injury. Twitty argued that his charged conduct better described the lower offense of B-212. The Final Reviewing Authority agreed, and lowered his charge from Assault/Battery A-102 to Assault/Battery B-212. [*Id.*] In light of the lower charge, the Final Reviewing Authority reduced his sanction to the loss of 90 days earned credit time and a demotion from Credit Class 1 to Credit Class 2. Twitty identifies four grounds for relief in his petition

1

but his arguments can be summarized as challenges to the sufficiency of the evidence and his right to call his requested witness.

In Grounds One and Three, Twitty challenges the sufficiency of the evidence against him. [ECF 1 at 2.] Specifically, in Ground One, Twitty argues that he did not seriously injure the other offender and did not use a weapon. [*Id*.] Twitty focuses on the elements of A-102, the rule he was initially charged with violating. However, this argument is moot in light of the modified charge. The lesser charge imposed by the Final Reviewing Authority does not require the use of a weapon or infliction of injury. [ECF 5 at 8.] Nevertheless, I will consider whether there was sufficient evidence to support a guilty finding on the modified charge, B-212.

Twitty points out that the report of the surveillance camera footage states that it "appeared" that Twitty punched the other offender, and he argues that this means there is no definitive evidence against him. [ECF 1 at 2.] But of course there doesn't need to be definitive evidence of his guilt. This is because in the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). The standard of review of

prison disciplinary matters has been called a "meager" one. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). In fact, a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson*, 188 F.3d at 786.

In this case, there is more than sufficient evidence to support the finding that Twitty committed an assault and battery without a weapon. Here's what the Conduct Report says took place:

> [o]n 12/3/2015 at approximately 1247 p.m., I (Sgt R. Kingery) was handling a situation on the 3/4 range when I was contacted by my pod officer to step over to the 1/2 side. When I entered the 1/2 range, I noticed three offenders engaged in what appeared to be a heated argument. After instructing the range to lock down, I separated the three offenders and restrained all three, with assistance from Phase 2 QRT Supervisor and Phase 2 K-9. Twitty, Lamar (#132920, KHU-235) was seen on camera assaulting an offender with assistance from another offender. The offender who was assaulted sustained injuries causing him to be admitted to the Infirmary. Twitty was escorted to RHU with no further incident.

[ECF 5-1 at 1.] In coming to a decision, the hearing officer considered the surveillance video, photographs of the victim, staff reports, Twitty's statement in his defense, and a witness statement. [ECF 5-7 at 1.] I have looked at the sealed surveillance video, and considered the other evidence reviewed by the hearing officer. The video alone easily amounts to "some evidence" of Twitty's guilt. The video demonstrates a violent altercation between three inmates and the Conduct Report identifies Twitty as a participant in this altercation. It is not the province of the court to re-weigh the evidence considered by the hearing officer. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The determination that Twitty violated B-212 was not arbitrary or unreasonable. Therefore, Grounds One and Three are denied.

In Grounds Two and Four, Twitty argues that he was improperly denied his due process right to call a witness in his defense. During the screening, Twitty requested as a witness the "pod officer of KHU on 12-3-15" who could testify "that he walked to back of pod and I was by the mailbox." [ECF 5-2 at 1.] The hearing officer identified Officer Hawley as the requested witness. However, Officer Hawley stated that he was not present at the time of the assault. [ECF 5-3 at 1.] The hearing officer did not identify any other officer who fit the description given by Twitty.

An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his confinement. *Wolff*, 418 U.S. at 566; *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Here, Twitty has not identified any relevant or exculpatory evidence his unnamed witness could provide. Twitty's assertion that an officer could testify that Twitty was by the mailbox when the officer walked to the back of the pod is neither here nor there. The surveillance video demonstrates that no correctional staff member was present in the pod at the time of the fight. Correctional staff are only seen entering the area after the conclusion of the fight. Therefore, because the time of the

4

fight is the only time relevant to Twitty's discipline, his requested witness would not provide relevant and exculpatory evidence.

Moreover, Twitty did not suffer any prejudice from the absence of his desired witness. Where a prisoner is denied the opportunity to present relevant evidence, the prisoner must establish that the disciplinary board's failure to call his witness resulted in actual prejudice, rather than harmless error. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Here, Twitty's requested witness would not have presented exculpatory evidence, and therefore would not have altered the hearing officer's finding of guilt. Therefore, Grounds Two and Four fail to identify a basis for habeas corpus relief.

ACCORDINGLY:

For the reasons set forth above, Lamar Twitty's petition for writ of habeas corpus [ECF 1] is **DENIED**.

The clerk is **DIRECTED** to CLOSE this case.

**SO ORDERED**.

ENTERED: June 8, 2017.    /s/ Philip P. Simon
                           Judge, U.S. District Court